# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| LINDA VANDEUSEN, <br> (Advocates for Disabled Americans) <br> (AFDA), <br>            Plaintiff, <br> v. <br> RICHLAND COUNTY SOUTH CAROLINA, <br>            Defendant. | Civil Action No. 3:05-3209-CMC-BM <br><br> **REPORT AND RECOMMENDATION** |

This case was filed by the Plaintiff on November 16, 2005, asserting a cause of action under the Americans with Disabilities Act (ADA). There is no proof of service in the file reflecting that the Defendant has ever been served with process in this case, and no responsive pleading has ever been filed.

The file reflects that summons were issued as to the Defendant Richland County South Carolina on November 16, 2005, and that the Clerk forwarded same to the Plaintiff, who was responsible for service of process. Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f service of the summons and complaint is not made upon a defendant within one hundred and twenty (120) days after the filing of the complaint, the Court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant…provided that if the

1



Plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period."

Here, the time for service began to run on November 16, 2005, and the one hundred and twenty (120) day period for service provided by rule expired on March 16, 2006. **Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, and in compliance with the notice provision of Rule 4(m), she is to provide the Court with proof of service on the Defendant, or present good cause to the Court for any failure to serve the Defendant, within ten (10) days of the filing of this Report and Recommendation. Failure to do so will result in this case being dismissed.**

### Conclusion

Based on the foregoing, if in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendant, then in that event the Clerk shall vacate this Report and Recommendation and return the file to the undersigned for further proceedings. If, however, Plaintiff fails to submit to the Court proof of service on the Defendant, or to demonstrate good cause for having failed to do so,[1] within the time granted herein, it is

---

[1] In the event Plaintiff has failed to serve the Defendant with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in her review of this Report and Recommendation. See e.g., Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and cf. Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) [ Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants are not served within 120 days unless good cause is shown.].

2



recommended that this case be **dismissed**, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March  20,  2006



3

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
