IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Linda Vandeusen, and )<br>Advocates for Disabled Americans, )<br>  )<br>  Plaintiffs, )<br>  )<br>  v. )<br>  )<br>Richland County, South Carolina, )<br>  )<br>  Defendant. )<br>_____ ) | C/A NO. 3:05-3209-CMC-BM<br><br><br>**ORDER** |

This matter is before the court on Plaintiffs' complaint alleging certain violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 28 U.S.C. § 791, *et seq*.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On March 20, 2006, the Magistrate Judge issued a Report recommending this case be dismissed without prejudice for failure to serve Defendant within the time period provided in Fed. R. Civ. P. 4(m). The Magistrate Judge advised Plaintiffs of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiffs have filed a letter from Plaintiffs' counsel indicating that the summons, issued on November 16, 2005, was "never received" by counsel. Letter from attorney Anthony Brady, filed Mar. 24, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the letter of Plaintiffs' counsel, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. When the Clerk issued the summons and entered it onto the docket of this case, a Notice of Electronic Filing (NEF) was sent to Plaintiffs' counsel indicating the summons' issuance. *After* the time period for service expired, the Magistrate Judge issued the Report and Recommendation. The letter from counsel received by this court on March 24, 2006 merely indicates the summons was "never received at my office."

The time for service can be extended only upon a showing of good cause under Rule 4(m) of the Federal Rules of Civil Procedure. *See Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995). A letter from counsel, unattested to and lacking any recitation of circumstances other than the purported fact that the summons was "never received," fails to establish good cause for this court to extend the time period for service. Due diligence on behalf of counsel would have avoided this dismissal.

**IT IS THEREFORE ORDERED** this matter is dismissed without prejudice for failure to serve Defendant within the time period provided in Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 2, 2006

C:\temp\notesFFF692\05-3209 Vandeusen v. Richland County dism wo prejudice for failure to serve.wpd